

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Mr. Long:          Opinion No. 0-6318

                        Re:   Contents of Commissioners' Court
                              minutes.

          Your letter of recent date requesting the opinion of
this department on the questions stated therein, in part, is
as follows:

          "I wish you would please forward me copies of
     opinions on the subject of contents of the Commis-
     sioners Court minutes while in session if you have
     previously written opinions covering this matter.
     Otherwise, please prepare an opinion for me on the
     following questions:

          "(1)   What is to be included in the minutes
     of the Commissioners Court, particular emphasis
     on (a) Motion made by a Commissioner receiving no
     second; (b) Resolutions offered by a Commissioner
     which receives no second to his motion that the
     resolution be adopted; (c) Whether or not reasons
     given by a Commissioner in voting on a proposition
     submitted to the Court to support his vote where
     the minutes are merely to include the final vote
     of said Commissioners without including in the
     minutes what their reasons for so voting, should
     be included.

          "I am enclosing herewith a copy of an opinion
     rendered by me to the Commissioners Court on the
     date as shown in the opinion."

          We thank you for the copy of your opinion on the
questions under consideration.

          Article 2342, Vernon's Annotated Civil Statutes,
provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The several commissioners, together with the county judge, shall compose the commissioners' court, and the county judge, when present, shall be the presiding officer of said court". (Sec. 18, Art. 5 of the State Constitution, contains language similar to the foregoing statute).

Article 2349, Vernon's Annotated Civil Statutes, reads as follows:

"The court shall require the county clerk to keep suitable books in which shall be recorded the proceedings of each term of the court; which record shall be read and signed after each term by the county judge, or the member presiding and attested by the clerk. The clerk shall also record all authorized proceedings of the court between terms; and such records shall be read and signed on the first day of the next term after such proceedings occurred."

Article 2345 is as follows:

"The county clerk shall be ex officio clerk of the Commissioners' Court; and he shall attend upon each term of said Commissioners' Court; preserve and keep all books, papers, records and effects belonging thereto, issue all notices, writs and process necessary for the proper execution of the powers and duties of the Commissioners' Court, and perform all such other duties as may be prescribed by law."

It is uniformly held that the Commissioners' Court is a court of record. Gano v. Palo Pinto County, 8 S. W. 634; Bradford v. Moseley, 223 S. W. 171. Article 2349 above quoted necessarily makes it so. Any court whose proceedings are required by law to be recorded in minutes or books kept for that purpose is a court of record.

The word "proceedings" is used here in its ordinary sense, and means the official functions of the court. Such functions are not limited to any particular class of functions, but on the contrary they include every official act done by the members of the court in the course of their sitting. This would include a pertinent motion made by any member of the court in the course of passing a resolution or order whatsoever. Such motion is an integral part of the resolution or

order. Furthermore, a motion made by a member of the court duly in session is itself a "proceeding" in the regular and ordinary way, and, we think, should be entered upon the minutes, whether such motion receives a second or not. In parliamentary usage in such a case the motion is lost for want of a second, and is thus effectually disposed of.

A good reason is easily assigned, if reason for the statute were required, why such proceedings should be made a matter of record. The Commissioners' Court is a court of general jurisdiction in this State, and as we have seen, is a court of record. It is a court of tremendous importance, since it has jurisdiction over the county affairs of the county. The public has a deep concern with the official acts of such court, and its proceedings therefore are of such importance as that an accurate record should be kept for the general information of the public concerned. Moreover, while it sometimes happens that the failure to make a minute of certain proceedings is not fatal to the validity of the same (See Landa v. State, 131 S. W. (2) 321), and that the validity of an order properly passed is susceptible of proof, and the order may be proved by oral testimony (Mecum v. Ford, 252 S. W. 491), nevertheless, the statutory requirement for duly recorded minutes, attested by the proper officers, is the safer way, and matters of such importance should not be left to the difficult and sometimes uncertain method of proof dehors the record.

It does not follow from what we have said that reasons given by a commissioner in voting upon a proposition submitted to the court should be entered in the minutes -- they are not within the requirements of the statute -- for they constitute no part of the court proceedings, as do the motion, the vote and the order.

Trusting that what we have said is a sufficient answer to your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED JAN 5 1945

OS-MR

